Falls, Appellee, *v.* Kamping, Appellant; et al., Appellee.

(No. 8301—Decided June 24, 1957.)

*Mr. Frank J. Longano,* for appellee.
*Mr. Samuel Plotnick,* for appellant.

*Per Curiam.* This is an action to recover a commission for effecting a sale of real estate.

The action was commenced in the Municipal Court of Cincinnati, by the consideration of which the plaintiff obtained a judgment as prayed for. The case is here on appeal from that judgment.

In her amended petition the plaintiff alleges that "she is, and was, at all times hereinafter referred to, a duly licensed real estate broker."

In their answer to this amended petition the defendants admit "that plaintiff is a licensed real estate broker."

The defendants deny each and every other allegation of the amended petition.

At the trial the plaintiff was asked "whether or not you are a licensed real estate broker under the state of Ohio," to which she answered, "I am." That was the only direct reference to a licensed real estate broker at the trial. There is evidence that the defendants approached the plaintiff originally to secure her services in finding a purchaser. That seems to us significant. If the plaintiff was not at that time a duly licensed real

estate broker, the defendants' action would make them accessories before the fact of a violation of Section 4735.02, Revised Code, making it a punishable offense to act for another in the sale of real estate for a fee without a license.

It is claimed, however, that Section 4735.21, Revised Code places the burden upon the plaintiff of alleging and proving that she was a duly licensed real estate broker at the time of the transaction, and that no cause of action exists in the absence of such proof. And, of course, that is true; and in obedience to the law, the plaintiff did allege that she was a licensed real estate broker at that time. The law placed the burden upon her of proving that allegation.

The law does not prescribe any particular method by which she should discharge that burden.

Undoubtedly, the answer in this case was somewhat misleading, if the general denial is to be construed as putting in issue whether the plaintiff was a duly licensed real estate broker at the time of the transaction. The answer then becomes an assertion that she is, but was not.

Now, there is a presumption of innocence in civil as well as in criminal cases. 20 American Jurisprudence, 217, Section 221. The plaintiff is entitled to the benefit of that presumption in discharging the burden upon her. And the defendants would be required to share the blame for inducing the plaintiff to violate the law if such a violation took place.

This possible defect in the proof was pointed out for the first time after the trial had taken place. It was not mentioned specifically at the trial.

Under the circumstances, we are of the opinion that there is sufficient evidence in the record that the plaintiff was a licensed real estate broker at the time, and that defendants, having solicited the plaintiff's services as a licensed real estate broker, must be taken to have impliedly admitted that she was.

We are also of the opinion that the defendants sought the services of the plaintiff in securing a purchaser without unequivocally fixing a minimum price, and must be taken to have agreed to pay plaintiff if she produced a purchaser at a price acceptable to, and accepted by, them. We find that the plain-

tiff did find such a purchaser and that a sale to him was made by the defendants.

For these reasons, the judgment of the Municipal Court of Cincinnati is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.